IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Nos.  02-CR-10145 |
| | )           09-CR-20090 |
| DAVID LEE MCCLAIN, | ) |
| | ) |
| Defendant. | ) |

### ORDER AND OPINION

This matter is now before the Court on the Government's Motion to Correct Error in Judgment Pursuant to Rule 36 filed in Case Nos. 02-CR-10145 and 09-CR-20090. (ECF Nos. 47 and 106). For the reasons stated below, the Motion is GRANTED.

### Background

On October 1, 2003, the Court sentenced David Lee McClain to 70 months of imprisonment for distributing more than five grams of cocaine base ("crack") in Case No. 02-CR-10145 ("2002 case"). (d/e 10/01/2003; ECF No. 12).

On May 16, 2008, Defendant began serving a five-year term of supervised release. (ECF No. 55 at 1). He violated his supervised release by distributing crack cocaine on three separate occasions in September, October, and November of 2009. *Id*.

On November 23, 2009, Defendant collided with a small Honda while driving his Cadillac Escalade on Interstate 74 in Champaign, Illinois, causing the death of a University of Illinois student and seriously injuring two others. *Id*. at 2. Defendant fled the scene of the accident and was later arrested and charged with Failure to Report an Accident/Death in Champaign County Case No. 09-CF-2007 ("Champaign County case"). *Id*.

1

On November 25, 2009, the U.S. Probation Office filed a petition to revoke Defendant's supervised release in the 2002 case for delivery of a controlled substance. (ECF No. 17).

On December 13, 2010, Defendant was sentenced in the Champaign County case to 20 years' imprisonment in the Illinois Department of Corrections for failure to report an accident resulting in death. (ECF No. 55 at 2).

On December 1, 2009, a federal grand jury charged Defendant with three counts of distribution of five grams or more of crack in Case No. 09-CR-20090 ("2009 case"). (ECF No. 1). On December 9, 2011, Defendant pled guilty to all three counts of the indictment and admitted the violation in the petition to revoke his supervised release in the 2002 case. (d/e 12/09/2011).

On May 3, 2012, this Court held a consolidated sentencing hearing in the 2002 and 2009 cases. (d/e 05/03/2012). During the hearing, the Court expressed concerns with Defendant's request for a concurrent sentence based on his supervised release violation and "the commission of a serious new felony while he was on supervised release, which was the same crime that he had originally been convicted of and sentenced to 70 months." (ECF No. 36 at 13). The Court noted that "in all the cases I've had over the years, similar situations," it had never imposed a totally concurrent sentence. *Id*. at 15. The Court sentenced Defendant to 120 months of imprisonment on each count in the 2009 case, to be served concurrent to each other, and to 24 months of imprisonment in the 2002 case, to be served consecutively, for a total sentence of 144 months. (ECF No. 26; ECF No. 36 at 17-24). The Court rejected Defendant's request that the entire sentence run concurrent with the sentence imposed in the Champaign County case. *Id*.

On July 1, 2013, this Court resentenced Defendant following a remand pursuant to *Dorsey v. United States*, 132 S. Ct. 2321 (2012), and reduced his federal drug sentence in the 2009 case from 120 months to 72 months of imprisonment and reduced his supervised release sentence in

the 2002 case from 24 months to 18 months of imprisonment, but still ordered the sentences to be served consecutively, for a total sentence of 90 months. (d/e 07/01/2013). This Court also ordered that only 24 months of the total sentence would run concurrently with the Champaign County case. *Id*. Thus, the Court specifically ordered Defendant to serve 66 months of federal imprisonment after completing his state sentence. (2002 case - ECF No. 52 at 59-62).

On July 19, 2013, this Court entered its amended judgments in the 2002 and 2009 cases. (ECF No. 40; ECF No. 62). Examined together, the judgments contained a clerical error that failed to reflect the Court's oral pronouncement of sentence on July 1, 2013. The amended judgment in the 2002 case stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 months, to run consecutive to 72 months received in CDIL Case No. 09-20090 and concurrent with sentence received in Champaign County Case No. 09-CR-2007.

(ECF No. 40 at 2). The amended judgment in the 2009 case stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 72 mos on Cts 1-3 to run concurrently with each other. Said term ordered to run consecutively to CDIL Case No. 02-10145. Additionally, 24 months of said sentence to run concurrently with Champaign Co. case 09-CF-2007 and 48 months of said sentence to run consecutively with Champaign Co. case 09-CF-2007.

(ECF No. 62 at 2). These amended judgments failed to reflect this Court's oral pronouncement that Defendant serve 66 months of imprisonment following his state sentence. (ECF No. 114 at 4). Instead, by separately ordering 24 months of the sentence in the 2009 case to run concurrent with the state sentence and 18 months of the sentence in the 2002 case to run concurrent with the state sentence, the amended judgments only required Defendant to serve 48 months of his federal sentence consecutively. *Id*.

3

On February 11, 2016, this Court reduced Defendant's sentence in the 2009 case based on amendments lowering the crack cocaine guidelines by the United States Sentencing Commission. (ECF No. 68). The Court reduced his sentence from 72 months to 70 months of imprisonment. All other provisions of the sentence were left intact, including that the 18 months of imprisonment in the 2002 case be served consecutively, for a total of 88 months. *Id*. Only 24 months would run concurrently with his state sentence. *Id*. Thus, this Court's pronounced sentence would require him to serve 64 months of federal imprisonment after completing his sentence in the Champaign County case. (ECF No. 114 at 4).

On February 16, 2016, this Court entered its amended written judgment in the 2009 case. (ECF No. 69). Unfortunately, it contained two additional clerical errors that failed to reflect this Court's sentence imposed on February 11, 2016. First, the written judgment stated in error that: "The amended sentence in this case is to run concurrently to the sentence imposed in CD-IL Case No. 02-10145." *Id*. Not only did the amended judgment directly contradict the Court's oral pronouncement of sentence on July 1, 2013, it also contradicted the Court's written judgment in the 2002 case, which stated: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 months, to run consecutive to 72 months received in CDIL Case No. 09-20090…." (2002 case - ECF No. 40 at 2). Moreover, because this Court did not amend the judgment in the 2002 case when it amended the written judgment in the 2009 case on February 16, 2016, the judgment in the 2002 case incorrectly stated that Defendant received a 72-month sentence, when it had actually been lowered to 70 months. (2002 case - ECF No. 40; 2009 case - ECF No. 69).

There was also a second clerical error in the amended judgment entered in the 2009 case on February 16, 2016. (ECF No. 69). The judgment stated: "Additionally, 24 months of the

4

amended sentence in this case is to run concurrently to Champaign County, Illinois, Case No. 09-CF-2007, and 48 months thereof is to run consecutively to Champaign County, Illinois, Case No. 09-CF-2007." *Id*. This incorrectly reflected a total sentence of 72 months in the 2009 case, rather than a total sentence of 70 months. (ECF No. 114 at 5).

In early 2021, the Bureau of Prisons ("BOP") recognized the error in the judgment entered on February 16, 2016, and brought the issue to the Court's attention. (ECF No. 114 at 6). The Court reappointed the Federal Public Defender's Office to represent the Defendant. (2002 case - d/e 2/18/2021; 2009 case - d/e 1/8/2021). On January 22, 2021, the Court held a status conference to discuss the judgment. (2009 case - d/e 01/22/2021). Defendant made an oral request *nun pro tunc* to amend the judgment to reflect that 46 months of his sentence was to run consecutively to the sentence imposed in the Champaign County case. *Id*. The Court ordered the parties to submit proposed wording for an amended judgment. *Id*. Pursuant to the parties' agreement, this Court entered an amended judgment on February 1, 2021, which stated:

> ***Defendant is committed to the custody of the Bureau of Prisons for 70 months each on Counts 1 to 3, said terms to run concurrently with each other. Said term is ordered to run consecutively to the sentence imposed in CDIL Case No. 02-10145. Additionally, 24 months of the sentence in this case is to run concurrently to Champaign County, Illinois Case No. 09-CF2007, and 46 months of the sentence in this case is to run consecutively to Champaign County Case No. 09-CF-2007.

(ECF No. 103). The amended judgment did not correct the clerical error that still remained as a result of the July 19, 2013, written judgment in the 2002 case, which incorrectly ordered the 18-month sentence in that case to run concurrently with the sentence imposed in the Champaign County case. (2002 case - ECF No. 40; 2009 case - ECF No. 103). This prevented it from being run consecutively to the 70-month sentence in the 2009 case as orally pronounced by the Court. (ECF No. 114 at 6).

On March 16, 2021, the Government filed a Motion to Correct Error in Judgment Pursuant to Rule 36 ("Motion") in both the 2002 and 2009 cases. (ECF Nos. 47 and 106). The Government stated that the BOP had recognized another error in the amended judgment and was unable to implement the sentence. *Id*. at 3. On May 19, 2021, Defendant filed a response in opposition to the Motion. (ECF Nos. 53 and 112).

On May 26, 2021, the Court held a hearing on the Motion, took the matter under advisement, and ordered the parties to submit additional materials. (d/e 5/26/2021). On May 27, 2021, the parties submitted their proposed findings. (2002 case - ECF Nos. 54 and 55; 2009 case - ECF Nos. 113 and 114).

On May 28, 2021, the Court granted the Motion and directed the Clerk to amend the judgments in the 2002 and 2009 cases. (d/e 05/28/2021). In the 2002 case, the amended judgment now states:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 18 months, to run consecutively to the 70-month term imposed in the United States District Court for the Central District of Illinois, Case No. 09-20090.

(ECF No. 56 at 2). In the 2009 case, the amended judgment states:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 70 months on Counts 1-3, to run concurrently with each other. The first 24 months of this sentence will run concurrently with the sentence imposed in Champaign County, Illinois, Case. No. 09-CF-2007, with the remaining 46 months to run consecutively to the state sentence.

(ECF No. 115 at 2). This written opinion now follows to explain the Court's reasons for granting the Motion.

## **Legal Standard**

It is well settled law that a discrepancy in the written judgment is a clerical error, correctable at any time under Federal Rule of Criminal Procedure 36. *See, e.g., United States v.*

*Norris*, 835 F. App'x 892, 894 (7th Cir. 2021) (correcting judgment's citation to wrong statutory provision); *United States v. Smith*, 684 F. App'x 574, 576 (7th Cir. 2017) (same); *United States v. Anobah*, 734 F.3d 733, 739–40 (7th Cir. 2013) (correcting error in judgment incorrectly listing offense of conviction). Rule 36 states:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36.

When a district court's oral sentence conflicts with the written judgment, the oral sentence controls and the written judgment may be corrected under Rule 36. *See United States v. Henderson*, 902 F.3d 822, 828–29 (8th Cir. 2018) (citing *Anobah*, 734 F.3d at 739); *see also United States v. Lorenzo-Perez*, 2014 WL 5714758, at *3 (D.P.R. Nov. 5, 2014) (citing *United States v. Arboleda*, 929 F.2d 858, 871 (1st Cir. 1991) (holding Rule 36 was "appropriate mechanism" to correct "clerical oversight" after BOP requested to clarify whether judgment required sentences to be served consecutive or concurrent).

## Discussion

In its Motion, the Government requests that the Court correct the error in the amended judgments in the 2002 and 2009 cases to amend the federal sentences into one 88-month federal sentence. Twenty-four months of the aggregated 88-month sentence would run concurrently with the state sentence in the Champaign County case, and the remaining 64 months would run consecutively to the state sentence.

Defendant argues that the Motion is more akin to a motion filed pursuant to Federal Rule of Criminal Procedure 35(a), and therefore, the Government's request to amend the judgments is

untimely. Alternatively, Defendant argues that the Court should exercise its discretion to correct the error by modifying his term of supervised release to include 18 months of home confinement.

## I. The Government's Motion was properly filed under Rule 36.

The Government states that "Rule 36 provides a court with authority at any time to correct a clerical error that, as a result of either oversight or omission, contains at discrepancy from the intent of the Court and/or the oral pronouncement of sentence." (ECF No. 47 at 5; ECF No. 106 at 5). Defendant argues that Rule 36 does not authorize the Court to amend the 2013 judgment. According to Defendant, the Government's request would have been appropriate under Rule 35(a), which allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error," but only within 14 days after sentencing. (ECF No. 53 at 8; ECF No. 112 at 8). Defendant asserts that the Government's request to amend the judgments is untimely and should be denied.

Here, the Court finds that the judgments in the 2002 and 2009 cases contain clerical errors. When read together, the judgments do not reflect the oral pronouncement of the sentence imposed. As written, the BOP will release Defendant after serving only 48 months of imprisonment consecutive to his state sentence, rather than the orally pronounced sentence of 64 months. Pursuant to Rule 36, the Court may at any time correct a clerical error in a judgment. Fed. R. Crim. P. 36. As a result, the Court granted the Government's Motion and entered an amended judgment in both cases on May 28, 2021. (ECF No. 56; ECF No. 115).

## II. The Court declines to amend the term of supervised release.

Defendant argues that if the Court determines that Rule 36 authorizes it to amend the judgment, then it should exercise its discretion to add 18 months of home confinement to his sentence and leave the judgments unchanged. When the Government filed its Motion, Defendant had been released to a halfway house and home confinement. The Court is not authorized to order

8

the BOP to keep Defendant in a halfway house or on home confinement. It is likely that Defendant will have to return to prison to serve the remainder of his sentence. Defendant argues that placing him back in prison would not promote the goals of sentencing under 18 U.S.C. § 3553(a). The Court declines to impose an 18-month term of home confinement because it is appropriate to correct the clerical errors in the judgments to reflect the sentences orally pronounced by this Court throughout the proceedings in this case. Therefore, Defendant's request to add 18 months of home confinement is denied.

## Conclusion

For the reasons stated above, the Government's Motion to Correct Error in Judgment Pursuant to Rule 36 filed in Case No. 02-CR-10145 (ECF No. 47) and Case No. 09-CR-20090 (ECF No. 106) is GRANTED.

ENTERED this 9th day of June, 2021.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge